UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: .

SUSAN BERNSTEIN,

Plaintiff,

vs.

ELEVENTH JUDICIAL CIRCUIT OF FLORIDA

Defendant.

_____/

**COMPLAINT**

Plaintiff, SUSAN BERNSTEIN ("Plaintiff" or "BERNSTEIN"), by and through the undersigned counsel, hereby files this her Complaint against Defendant ELEVENTH JUDICIAL CIRCUIT OF FLORIDA (hereinafter "Defendant" or "EJC") for damages and relief pursuant to the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") and allege as follows:

**JURISDICTION**

1. This is an action for damages under the FMLA which this Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 and 29 U.S.C. §§2617 for Plaintiff's claims arising under 29 U.S.C. §2601, *et seq.*

**PARTIES &VENUE**

2. Plaintiff, BERNSTEIN, is a resident of the State of Florida and this judicial district, is *sui juris*.

1

3. Defendant EJC is located at 175 NW 1st Avenue, 30th floor, Miami, FL 33128. The EJC is one of twenty (20) judicial circuits in the Florida State Courts System. EJC was the employer of Bernstein

4. Venue is appropriate in this Court as all actions took place in this judicial circuit.

### FACTS GIVING RISE TO THE CLAIM

5. In July of 2007 BERNSTEIN became an independent contract mediator with EJC.

6. BERNSTEIN succeeded so well as an independent contract mediator that was encouraged by and on April 2, 2012 Bernstein's was hired as an employee with EJC as a mediator.

7. Since BERNSTEIN's position was part-time, her hours could not exceed 35 hours per week without prior approval from Senior Court Management.

8. Since 2010 Plaintiff's supervisor was Vivian Perez the Mediation Division Director.

9. Despite numerous letters of recommendations and approbations from attorneys and judges, EJC through Vivian Perez terminated BERNSTEIN on December 1, 2016 for alleged poor performance. BERNSTEIN was escorted from the Courthouse and was later informed me that her picture was posted in public at security with "no longer employed" or something similar written next to the picture. In addition, the judges at North Dade Justice Center received an email stating that Bernstein was terminated.

10. As a mediator BERNSTEIN was generally assigned to the North Dade Justice Center (NDJC) in North Miami Beach.

11. The Mediation/Arbitration Division of the EJC is responsible for the mediation of cases referred by the judiciary in the Family, Unified Family, Juvenile, and County Courts including the 19 county court judges and mediations were generally held in the North Dade Justice Center on Mondays, Wednesdays, Thursdays and Fridays.

12. In August of 2012, Plaintiff had surgery for atrial fibrillation. After being out for about a week, Plaintiff reported back to work with a doctor's restriction that she can't lift anything heavier than 10 lbs. or climb stairs until her next doctor visit in a few weeks. Despite the note she was assigned to the downtown Miami Courthouse which required walking up steps to enter the Courthouse. Bernstein requested to be relocated to another courthouse. Vivian Perez denied that request.

13. In October of 2014 Plaintiff had a second surgery for atrial fibrillation. She again sent a doctor's request to Vivian Perez requesting that she temporarily not be scheduled at DCC not only due to the stairs, but also the walking distance. Her request was yet again denied, and she was scheduled at DCC immediately after her heart surgery.

14.     Over Thanksgiving weekend 2015 Plaintiff was hospitalized and diagnosed with diverticulosis. Plaintiff tried returning to work; however, the drive to downtown Miami from her home in Plantation and the need to use the bathroom but being stuck in traffic was horrific and painful.

15. Bernstein was absent from work intermittently for 12 days between November 30, 2015 and December 31, 2015. On December 29, 2015, Bernstein requested leave under the FMLA.

16. In January of 2016 when BERNSTEIN was ready to go back to work, she filled out all the forms, provided a doctor's medical request which stated, "please schedule patient to closest court work location with a bathroom". Ms. Perez denied her first Reasonable Accommodation Request.

17. BERNSTEIN responded by sending a letter to HR stating her rights under the ADA and FMLA were being violated. Shortly thereafter her accommodation request was approved only because Ms. Perez scheduled SUSAN BERNSTEIN at a different courthouse therefore disregarding the request and this now forced Plaintiff send a request directly to Human Resources.

18. Subsequently the FMLA leave was extend to March of 2016.

19. On April 26, 2016, Ms. Bernstein submitted a second request for accommodations under the ADA as she wished to be "scheduled at North Dade Justice Center (NDJC) on Mondays, Wednesdays, Thursdays and Fridays, and at any other courthouse with restroom access on Tuesdays (since there are no mediations at NDJC on Tuesdays)." On May 2, 2016, Ms. Bernstein's request was granted, and she was assigned

to the NDJC on Mondays, Wednesdays, Thursdays, and Fridays, and assigned to the DCC on Tuesdays.

20. On December 18, 2015 Vivian Perez placed Ms. Bernstein on a Performance Improvement Plan ("PIP") due to "poor performance" since September of 2015. More importantly and specifically incidents that occurred between September 2nd and October 16th

21. The PIP was to run through March 18, 2016. It also requires conferences between Vivian Perez and Susie Bernstein every 2 weeks and calls for Susie Bernstein to work 35 hours a week. It was never amended, modified or extended.

22. The PIP was merely a set up for failure from the beginning as it was issued over 60 days after the last reported "deficiency" listed in the PIP. During the 60 days prior to its issuance there were no warnings, discipline writeups or evidence of notice of poor performance on the part of the Plaintiff. On the contrary there is an unsolicited letter from a judge praising the work of the Plaintiff.

23. Perez also failed to meet with BERNSTEIN every 2 weeks as the PIP required which is further proof that the PIP was a sham and pretextual. Even after the Plaintiff's return on May 3, 2016, Perez only met with the Plaintiff on one occasion (May 10, 2016) and never observed her work during a mediation.

24. Despite the PIP calling for BERNSTEIN to work 35 hours a week, in the end of May of 2016, Perez began reducing BERNSTEIN's hours.

5

25. Later in June and early July Ms. Bernstein is singled out and is scheduled fewer days and then sent home. This reduction in hours immediately after return from FMLA leave was noted by Ms. Bernstein in a July 11, 2016 letter and a July 13th, 2016 letter by counsel for Bernstein. EJC continued to cut days scheduled and hours worked each of those days.

26. Prior to her FMLA leave the practice implemented by Vivian Perez was if there were not a full day of mediations then the mediators would do other work in the Courthouse documenting time statistic sheet with "researching statutes" or "research for Vivian", etc. In June and July of 2016, BERNSTEIN was the only mediator who was instructed "if there is no work you must leave".

27. At the NDJC, BERNSTEIN was instructed to leave when there are no upcoming mediations; however, Mr. Ray Rosa a fellow mediator was permitted to stay at NDJC when there are no scheduled mediations. In the few weeks just prior to her termination, several NDJC judges and judicial assistants asked BERNSTEIN why Mr. Rosa gets to stay all day and she does not?

28. Despite a reduction in schedule there was a need for mediators. On Monday November 28, 2016, BERNSTEIN was working at NDJC and saw Judge Vizcaino in her chambers and who said her people from pre-trial had been waiting 3 hours for a mediator. BERNSTEIN told Judge Vizcaino that she had talked with Judge Stein on May 25th, 2016 who shared the same concern. Judge Stein emailed a letter to Vivian Perez while BERNSTEIN was in her chambers. The email stated that Judge Stein requested that a

6

mediator be at NDJC all day. Perez ignored that email sending BERNSTEIN home, and keeping other mediators full schedule.

29. On December 1, 2016 BERNSTEIN was terminated for "poor performance" supposedly due to the PIP.

30. Since her termination, two mediators have now been scheduled at NDJC. They have one mediator that stays present at the courthouse all day. No one is being sent home early as BERNSTEIN was forced to do.

## COUNT I FMLA INTERFERENCE

31. Plaintiff readopts and realleges paragraphs 1-30 as if set forth at length herein.

32. At all material times Plaintiff was an "eligible employee" within the meaning of the Family Medical Leave Act.

33. At all material times hereto Defendant was an "employer" within the meaning of the Family Medical Leave Act.

34. Under the FMLA, an eligible employee may take up to 12 weeks of leave during any 12-month period for [the employee's own serious health condition/the birth, placement or adoption of a child/the care of a spouse, child, or parent who has a serious health condition/ active-duty orders/the care of a covered service member.

35. The FMLA also gives the employee, after [his/her] leave, the right to be restored by the employer to the position held when the leave began, or to be given an

equivalent position. It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise any of these rights

36. Plaintiff properly gave notice and was given FMLA leave.

37. Defendant interfered with restrained denied the exercise of these rights by reducing the hours and days Plaintiff was allowed to work, sending her home if there were no mediations and ultimately terminating the Plaintiff's employment.

38. Defendants actions were willful.

39. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered damages. Damages include the amount of any wages, salary, employment benefits, or other compensation denied or lost to the Plaintiff by reason of the violation; interest, an additional amount as liquidated damages equal to the sum of the amount and interest above, for such equitable relief as may be appropriate, including employment, reinstatement, and promotion, or front pay in lieu of the above, attorney's fees and costs.

WHERFORE Plaintiff demands judgment against the Defendant for damages interest costs attorney's fees and further relief that the Court deem just and proper.

## COUNT II FMLA RETALIATION

40. Plaintiff readopts and realleges paragraphs 31-34 and 38 as if set forth at length herein.

41. It is unlawful for an employer to take action against an employee because the employee exercises her FMLA rights.

42. Plaintiff properly gave notice under the FMLA and exercised her rights to FMLA leave.

43. Defendant retaliated against the Plaintiff by reducing her days work and then her hours and then sending her home if there were no mediations and then terminating her.

44. Any legitimate reasons alleged by the Defendant for the termination of the Plaintiff were entirely pretextual in that:

a) The PIP was never followed by the Defendant b) the PIP required the Defendant to employ the Plaintiff for 35 hours per week and within a month of return from her FMLA leave the Defendant started reducing the hours. c) only the Plaintiff was singled out and no other mediators had their hours reduced or were sent home if there were no mediations d) the judges had a need for Plaintiff to be available at the NDJC e) After Plaintiff's termination two full time mediators were scheduled at the NDJC and f) Plaintiff properly performed her job.

45. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered damages. Damages include the amount of any wages, salary, employment benefits, or other compensation denied or lost to the Plaintiff by reason of the violation; interest, an additional amount as liquidated damages equal to the sum of the amount and

interest above, for such equitable relief as may be appropriate, including employment, reinstatement, and promotion, or front pay in lieu of the above, attorney's fees and costs.

WHERFORE Plaintiff demands judgment against the Defendant for damages interest costs attorney's fees and further relief that the Court deem just and proper.

## TRIAL BY JURY

Plaintiff SUSAN BERNSTEIN demands trial by jury for all issues so triable

**Dated this 17th day of May 2018**

\_\_s/ Stuart M. Silverman, Esq.
STUART M SILVERMAN P A
PO Box 812315
Boca Raton, Florida 33481-2315
Tel: (561) 289-9319
Fax : (561) 283-0900
E-Mail:Smslawfirm@aol.com
FL. Bar No.: 717614
Attorney for **Plaintiff**