UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61122-CIV-MORENO/SELTZER

SUSAN BERNSTEIN,

    Plaintiff,

vs.

ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** has come before the undersigned pursuant to the District Court's Order referral of all pretrial matters to the Magistrate Judge for appropriate disposition or recommendation [DE 7]. Defendant has filed a Motion to Dismiss [DE 6] which is ripe for review. After review of the Complaint [DE1], the Motion to Dismiss [DE 6] and Plaintiff's Response to the Motion to Dismiss [DE 8],[1] and review of the governing law, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

I.    BACKGROUND

Plaintiff, Susan Bernstein ("Bernstein"), filed a Complaint against Defendant, the Eleventh Judicial Circuit of Florida ("Defendant" or "EJC"), seeking damages and injunctive relief pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. From April 2012 to December 2016, Bernstein was employed as a part-time mediator for the EJC in Miami-Dade County, Florida. On December 29, 2015, Bernstein requested and was

---

[1] Defendant has not filed a reply memorandum within the time period authorized by Local Rule 7.1(c) and, consequently, this matter is ripe for review.

granted leave under the FMLA self-care provision due to a medical condition.  The FMLA leave was ultimately extended to March 2016.  Bernstein alleges that when she returned to work from the FMLA leave, Defendant reduced the days and hours she was scheduled to work and treated her differently from other employees in scheduling hours.  Defendant terminated Bernstein's employment on December 1, 2016 for "poor performance."[2]

On May 17, 2018, Bernstein filed the instant Complaint alleging that Defendant interfered with her rights under the FMLA (Count I) and retaliated against her for exercising her rights under the FMLA (Count II) by reducing her hours and, ultimately, terminating her employment.  Bernstein seeks both damages and injunctive relief in the form of "employment, reinstatement, and promotion, or front pay in lieu of the above."  Defendant moves to dismiss the Complaint on the grounds that (1) Defendant is immune from suit for damages pursuant to the Eleventh Amendment and (2) the Complaint fails to state a claim upon which relief can be granted.  Bernstein concedes that Defendant is immune from suit for damages, but asserts that Defendant is not immune from her suit for injunctive relief.  She further denies that her Complaint fails to state a claim upon which relief can be granted.

II.   DISCUSSION

The FMLA entitles eligible employees to take up to 12 weeks of leave for various forms of "family care" and for "self-care" arising from personal medical needs.  29 U.S.C. § 2612(a).  The FMLA also provides for a private right of action to seek both equitable and money damages.  28 U.S.C. § 2617(a)(2).

---

[2] Bernstein had been placed on a performance improvement plan prior to commencing her FMLA leave.

A. Eleventh Amendment Immunity

Because Bernstein has sued the Eleventh Judicial Circuit of Florida, a part of Florida's state court system, Eleventh Amendment immunity applies. See Driessen v. 11th Judicial Circuit Court, 522 Fed. App'x 797 (11th Cir. 2013); Fla. Const. art. V, § 1. The Supreme Court has held that in enacting the FMLA, Congress did not abrogate states' sovereign immunity from suits for money damages arising from an employee's exercise of the self-care provision of the FMLA. Coleman v. Court of Appeals of Maryland, 566 U.S. 30 (2012).[3] Bernstein concedes that in light of Coleman Defendant is immune from a suit for damages under the FMLA.

The Eleventh Amendment issue is, however, not fully resolved. "The Eleventh Circuit has ruled that the assertion of Eleventh Amendment immunity challenges a court's subject matter jurisdiction and must be resolved before a court may address the merits of the underlying claim." Wayne v. Fla. Dept. of Corrections, 157 F. Supp. 3d 1202, 1204 (S.D. Fla. 2016) (citing Seaborn v. Florida, 143 F.3d 1405, 1407 (11th Cir. 1998)). Federal courts have limited jurisdiction and are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 1998). If at any time the district court determines that there is a lack of subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3);

---

[3] In Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721 (2003), the Court held that Congress could subject states to suit for violations of the family care provisions of the FMLA. The Coleman Court distinguished Hibbs on the ground that the "holding [in Hibbs] rested on evidence that States had family-leave policies that differentiated on the basis of sex and that States administered even neutral family-leave policies in ways that discriminated on the basis of sex." Coleman, 566 U.S. 30, 34 (2012). The self-care provision was not an issue in Hibbs.

see also Natl. Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003). Here, a more complete discussion of the Eleventh Amendment's application to this case is warranted.

Bernstein argues that her claims for injunctive relief under the FMLA are unaffected by the Eleventh Amendment. Defendant appears to agree, in that it has not asserted immunity from the claims for injunctive relief. Yet, Judge Gayles of this District recently considered a self-care FMLA claim brought against the Florida Department of Corrections and concluded that Eleventh Amendment immunity does bar claims for monetary and for injunctive relief made against state agencies. Wayne, 157 F. Supp. 3d at 1204-06. Judge Gayles explained that the exception to sovereign immunity for claims for prospective injunctive relief provided by Ex parte Young, 209 U.S. 123 (1908), "applies only in suits seeking declaratory and injunctive relief against state officers in their official capacities, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." Wayne, 157 F. Supp. 3d at 1205 (quoting Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 269 (1997) and P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 149, 146 (1993)).

Plaintiff in this case, like the plaintiff in Wayne, named only the state agency as a defendant. As such, the Ex parte Young exception to sovereign immunity does not apply. See Wayne, 157 F. Supp. 3d at 1205. The Fifth Circuit Court of Appeals recently considered the same issue in Bryant v. Tex. Dept. of Aging and Disability Services, 781 F.3d 764 (5th Cir. 2015). The court reversed the district court's denial of summary judgment and held that Eleventh Amendment immunity barred both monetary and injunctive claims brought against a state agency under the FMLA self-care provision. The

court stated that "the Ex parte Young exception upon which Bryant relies does not apply to suits against state agencies; this narrow exception is limited to certain claims against state employees acting in their official capacities." Id. at 769.  The court concluded that "the district court did not have jurisdiction over Bryant's interference or retaliation claims against the Department to the extent that they relate to her self-care leave." Id.  The undersigned concludes, therefore, that the Eleventh Amendment bars Plaintiff's self-care FMLA claims against this Defendant and that this Court is without jurisdiction over those claims.

      B.      Failure to State a Claim Upon Which Relief Can Be Granted

Defendant argues that Plaintiff's Complaint fails to state a claim for injunctive relief under the FMLA and moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The undersigned addresses the sufficiency of the pleadings in the event the Court reaches a different conclusion on jurisdiction.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2000) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) (alteration added) (quoting Iqbal, 556 U.S. at 678).  Conclusory statements not supported by factual allegations are not acceptable.  Iqbal, 556 U.S. at 678.

The FMLA "protects employees against interference with the exercise or attempted exercise of their substantive rights under the statute. 29 U.S.C. § 2615(a)(1). This prohibition has also been interpreted to provide protection against retaliation for exercising or attempting to exercise rights under the statute." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1247 (11th Cir. 2015). "To state a claim of interference, the employee must allege that he was entitled to a benefit under the FMLA and was denied that benefit." Id. (citing Strickland v. Water Works and Sewer Bd. of Birmingham, 239 F.3d 1199, 1206–07 (11th Cir.2001)). "To state a claim for retaliation, an employee must allege sufficient facts to plausibly suggest that: '(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity.'" Id. "To recover on either an interference or a retaliation claim under the FMLA, the employee must have been employed for at least twelve months by the employer and worked at least 1,250 hours during the previous twelve-month period. See 29 U.S.C. § 2611(2)(A)." Id. at 1247.

Plaintiff's Complaint concludes that she was an "eligible employee" under the FMLA, but fails to allege facts that, if taken as true, would enable the Court to plausibly conclude that she was covered under the FMLA. Plaintiff argues that the allegations that she took, and was retaliated against for taking, FLMA leave suffice to establish her eligibility for protection under the FMLA; yet her argument completely overlooks the statutory eligibility requirements. The allegations of Plaintiff's Complaint, taken as true, do not plausibly establish that she is an eligible employee under the FMLA. For that reason, the undersigned recommends that Plaintiff's Complaint be DISMISSED with leave to amend.

III.     CONCLUSION

As discussed in detail, supra, the undersigned concludes that Plaintiff's claims against this Defendant under the self-care provision of the FMLA are barred by sovereign immunity and, therefore, this Court, lacks jurisdiction over those claims.  Furthermore, even if the Court were to determine that jurisdiction does exist, the Complaint fails to state a claim upon which relief can be granted for failure to allege facts that would enable the Court to plausibly conclude that Plaintiff is an "eligible employee" under the FMLA.  For these reasons, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss [DE 6] be **GRANTED** and that the Complaint be **DISMISSED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida, this 28th day of August 2018.

/s/ Barry S. Seltzer
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Federico A. Moreno
Counsel of record