UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 18-61122-CIV-MORENO

SUSAN BERNSTEIN,

        Plaintiff,

vs.

ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Barry S. Seltzer, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion to Dismiss **(D.E. 6)**, filed on **August 2, 2018**. The Magistrate Judge filed a Report and Recommendation **(D.E. 9)** on **August 28, 2018**. The parties did not object to the Report and Recommendation. The Court has made a *de novo* review of the issues presented in the Magistrate Judge's Report and Recommendation, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Barry S. Seltzer's Report and Recommendation is **AFFIRMED** and **ADOPTED**. This Court agrees with Magistrate Judge Seltzer that Plaintiff's claims against the Eleventh Judicial Circuit of Florida for damages and injunctive relief under the self-care provision of the Family and Medical Leave Act are barred by Eleventh Amendment sovereign immunity.

First, as Defendant argues and Plaintiff concedes, the Eleventh Amendment bars claims for damages against a State agency under the self-care provision of the Family and Medical Leave Act. *See Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 43–44 (2012) (ruling

Congress failed to abrogate State immunity from suits for damages under the Family and Medical Leave Act's self-care provision).

Second, while Plaintiff contends the Eleventh Amendment does not bar injunctive relief under the self-care provision of the Act, the Supreme Court has ruled this exception to sovereign immunity is "narrow," "applies only to prospective relief . . . against state officers," and "has no application in suits against the States and their agencies." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Here, Plaintiff seeks injunctive relief against the Eleventh Judicial Circuit of Florida, a Florida State agency. Therefore, the Eleventh Amendment also bars her injunctive relief claim. *See id.*; *Wayne v. Fla. Dep't of Corr.*, 157 F. Supp. 3d 1202, 1207 (S.D. Fla. 2016) (ruling the Eleventh Amendment barred injunctive relief claim against a Florida State agency brought under the self-care provision of the Family and Medical Leave Act).

The Court also agrees with Magistrate Judge Seltzer that Plaintiff's Complaint must also be dismissed because the Complaint fails to state a claim for injunctive relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, Plaintiff fails to state a claim for interference or retaliation under the Family and Medical Leave Act because she did not allege facts, that if taken as true, would enable the Court to conclude she established her eligibility for protection under the Act. Accordingly, it is

**ADJUDGED** as follows:

(1) Defendant's Motion to Dismiss is GRANTED; and

(2) Plaintiff's Complaint is DISMISSED without prejudice and with leave to amend. The Plaintiff must file an amended complaint no later than October 12, 2018.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st of October 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Barry S. Seltzer

Counsel of Record